

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2476 | **DATE** | 12/3/2002 |
| **CASE TITLE** | Pearlie Smith vs. household Automotive Finance Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. As stated earlier, Household's Rule 56 motion must be and is denied at this stage. This Court recognizes that the entirety of this action has not been place in issue for disposition at this point, so that by definition the current denial of Household's motion is without prejudice to the possibility that some future dispositive motion might be more successful. (20-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 05 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | 02 DEC -4 PM 4:18 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEARLIE SMITH, )
)
        Plaintiff, )
)
v. ) No. 02 C 2476
)
HOUSEHOLD AUTOMOTIVE FINANCE )
CORPORATION, )
)
        Defendant. )

**DOCKETED**

DEC - 5 2002

MEMORANDUM OPINION AND ORDER

This lawsuit, originally brought by Pearlie Smith ("Smith") solely against Household Automotive Finance Corporation ("Household") under the auspices of the Fair Credit Reporting Act ("Act," 15 U.S.C. §1681n), has since been expanded considerably by (1) Smith's addition of claims against automobile seller Gateway Chevrolet, Inc. ("Gateway," the real culprit according to Smith) and (2) Household's insertion of Counterclaims against Smith. At this point Household has moved for summary judgment on Smith's Amended Complaint's claims against it, not on Household's own Counterclaims. True to form, Smith's counsel have responded in part by filing cross-motions for summary judgment against Household and Gateway as well.

In principal part Smith's filing sets out in harrowing detail the story of an automobile purchase from Gateway resulting from its high-pressure pursuit of her granddaughter Tonja Treadway ("Treadway"), with Smith having signed the purchase document as a straw purchaser because she had good credit and

Treadway did not. Household entered the picture by accepting an assignment of the retail installment contract ("Contract") six days after it was executed by Smith, an assignment for which Household paid Gateway $20,810.

This Court declines Smith's newest effort to treat this litigation as the legal equivalent of the "big bang" theory of creation, with its notion of an expanding universe. Instead this memorandum opinion and order properly focuses not on Smith's cross-motions, but only on the area of dispute that has been raised by initial movant Household. But even in those narrower terms, what the parties have tendered to this Court calls for denial of Household's Fed. R. Civ. P. ("Rule") 56 motion.

Household's premise for its claimed insulation from any claim under the Act is that its reporting of Smith's defaults under the Contract was truthful. That premise in turn hinges on two propositions: that the Contract was valid in the first instance (which Smith disputes) and that it was not properly rescinded by Smith (as she claims). But in each instance it appears that those underpinnings present genuine issues of material fact--or alternatively, that if either poses a legal rather than a factual question, the input that this Court has received to date does not provide enough grist for the decisional mill.

As for the Contract validity issue itself, Smith's counsel

has adduced some facts that would at least arguably render the Contract void rather than voidable. And if such is the case, Household would have no enforceable rights vis-a-vis Smith other than those possessed by its assignor Gateway--that is, no rights at all.[1] Under those circumstances its reports under the Act, purporting to reflect a default under the Contract by Smith, would have been inaccurate.

As for the issue of rescission, Household's supporting Mem. 3 is incorrect in invoking Smith v. First Nat'l Bank of Danville, 254 Ill.App.3d 251, 624 N.E.2d 899 (4th Dist. 1993) for the proposition that Smith had to make Household whole by paying the $20,810 that Household had laid out to Gateway. Instead Smith's rescission obligation--to return the parties to their pre-Contract position--simply called for her to return the benefit that she had received: the automobile itself. And on that score Smith has represented that when she gave her notice of rescission she stood ready to do so (with the vehicle being stored and not driven in the interim) and that her attorney so notified Household.

As stated earlier, then, Household's Rule 56 motion must be and is denied at this stage. This Court recognizes that the entirety of this action has not been placed in issue for

---

[1] Of course Household would then have a claim against Gateway for recovery of the price that it had paid for assignment, but that issue is not involved in this case.

disposition at this point, so that by definition the current denial of Household's motion is without prejudice to the possibility that some future dispositive motion might be more successful.

                                                                   */s/ Milton I. Shadur*
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  December 3, 2002